**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 1, 2026

Petitioner is ordered to file a reply no later than May 11, 2026.

SO ORDERED.

Hon. Ronnie Abrams
May 4, 2026

By ECF
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Lopez Zamora v. Almodovar*, No. 25-cv-8643 (RA)

Dear Judge Abrams:

This Office represents the government in the above-referenced habeas corpus action. We write in response to the Court's April 21, 2026, Order asking whether the government consents to providing Petitioner a second bond hearing, ECF No. 18. ICE does not consent to providing Petitioner a second bond hearing.

First, events after briefing completed have changed the applicable detention authority to 8 U.S.C. § 1231(a), under which bond hearings are not provided. On December 3, 2025, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's decision ordering him removed to Ecuador, rendering his removal order administratively final. *See Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (citing 8 U.S.C. § 1101(a)(47)(B) to conclude that "[a]n order of removal is 'final' upon the earlier of the BIA's affirmance of the immigration judge's order of removal or the expiration of the time to appeal the immigration judge's order of removal to the BIA."). On December 9, 2025, Petitioner filed a petition for review of his removal order with the Second Circuit Court of Appeals and a motion to stay his removal. *See Lopez Zamora v. Bondi*, No. 25-3093 (2d Cir.), Dkt Nos. 1, 3. Although the Second Circuit has not yet ruled on Petitioner's motion for a stay of removal, ICE has not acted on the final removal order due to the government's forbearance policy, which assures that the filing of a motion to stay removal "will suffice to prevent removal" while a stay motion is pending in a petition-for-review proceeding, *see Efstathiadis v. Holder*, 752 F.3d 591, 599 n.5 (2d Cir. 2014) (per curiam).

Because Petitioner's removal order is final and the Second Circuit has not ordered a stay of removal, the authority pursuant to which Petitioner is detained has shifted from 8 U.S.C. § 1226(a), which governs the detention of certain noncitizens during the pendency of their removal proceedings, to 8 U.S.C. § 1231(a), which governs the detention of noncitizens ordered removed.[1]

[1] If the Second Circuit were to grant Petitioner's motion, and order a stay of removal, then the "removal period" would not have yet begun because he had been granted a formal stay of removal while his removal order was being judicially reviewed and Petitioner would be detained under § 1226—not § 1231. *See Hechavarria v. Sessions*, 891 F.3d 49, 55-56 (2d Cir. 2018). The

Unlike § 1226(a), § 1231(a) does not provide for a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 581 (2022) ("there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence that a detained noncitizen poses a flight risk or a danger to the community.").[2]

Second, as detailed in the Government's response to Petitioner's habeas petition, ECF No. 10, and the Declaration of Deportation Officer Micheal Charles, ECF No. 11, Petitioner was provided a bond hearing on April 29, 2025 at which the Immigration Judge denied bond because she concluded that Petitioner had not met his burden of proof to show that he was not a danger to the community based on his arrest history which included claims of third-degree rape and strangulation made by a fifteen-year old victim. The BIA affirmed that decision denying bond. Given the nature of the grounds on which the Immigration Judge denied bond, there is no reason to believe that the result would be any different if Petitioner were afforded a second bond hearing. Nor have there been any material change in circumstances militating in favor of a new hearing.

Accordingly, ICE declines to consent to provide Petitioner a second bond hearing.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: *_/s/ Dominika Tarczynska_*
DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2748
E-mail: dominika.tarczynska@usdoj.gov

cc: Counsel of Record (by ECF)

---

government recognizes that courts in this Circuit are split on the question of whether the application of the government's forbearance policy has the same effect. *See Loachamin v. Kurzdorfer*, 792 F. Supp. 3d 353, 358 (W.D.N.Y. 2025) ("There is an intra-circuit split regarding whether the Forbearance Agreement constitutes a "stay" under 8 U.S.C. § 1231(a)(1)(B)(ii)."). The government respectfully submits that, under a plain reading of the statute, which the Second Circuit has stated is "unambiguous," the removal period commenced upon the BIA's affirmance of the removal order, and no other triggering event is applicable. Thus, § 1231(a) applies.

[2] Although § 1231 prohibits bond hearings before an immigration judge, noncitizens detained pursuant to that statute receive periodic custody reviews by ICE, *e.g.*, 8 C.F.R. §§ 241.4, 241.13, and can challenge their detention in district court if it lasts more than six months and their removal is not "reasonably foreseeable," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).