The Bronx Defenders
360 East 161st Street
Bronx, NY 10451
t: 718.838.7878
f: 718.665.0100

October 23, 2025

*Via ECF*

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re: Lopez Zamora v. Almodovar, et al., No. 25-cv-08643**

Dear Judge Abrams:

I represent Petitioner, Jordy Lopez Zamora, in his Petition for a Writ of Habeas Corpus filed on October 20, 2025. I file this letter motion in accordance with the Individual Rules of Practice in Civil Cases, Judge Ronnie Abrams, Rule 5(B)(iii)(c), and hereby seek leave to file exhibits referenced as Exhibits B, C, F & H in the petition, under seal: all of these exhibits contain various categories of sensitive information that should not be subject to public disclosure. On October 21, 2025, pursuant to Individual Rule 5(A)(iii)(a), I conferred with the Assistant U.S. Attorney representing Respondents, Dominika.Tarczynska, who indicated that she would take no position as to a request for filing these records under seal.

Rule 5(A)(i) of the Individual Rules sets forth the circumstances in which redactions do not require court approval. Germane to this request, the rule provides the following categories of information may be redacted without prior Court approval: medical records, employment history, home addresses, individual financial information, and information regarding an individual's cooperation with the government.

In light of this rule, and the fact that these types of information are inextricably woven into four of Mr. Lopez Zamora's proposed exhibits, I seek leave to file the following four exhibits under seal: Exhibit B, Declaration by Ashley Guzman, LMSW; Exhibit C, the Bond Evidence submitted by Mr. Lopez Zamora before the Immigration Judge ("IJ"); Exhibit F, the Bond Memo issued by the IJ; and Exhibit H, the IJ's decision on the merits of Mr. Lopez Zamora's fear-based claims.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it. *See*, e.g., *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose of restricting disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). There is good cause to grant leave to file these exhibits under seal, as the sensitive, personal, and medical nature of the information sought to be shielded from public view outweighs the presumption of access to

information, and this request—for the sealing of four exhibits—is narrowly tailored to meet that purpose.

First, with respect to the Declaration of Ms. Guzman which is akin to a psychosocial evaluation, the four-page letter is comprised of highly sensitive personal and medical information, presented in narrative form, detailing Mr. Lopez Zamora's past and current mental health and trauma history, mental health symptoms, plans for treatment upon release including the name of organizations that can provide specific treatment services, identifying information about individuals in Mr. Lopez Zamora's life who support him, as well as information about his worker's compensation claim. This Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4 (July 24, 2023 Edition). Although the habeas petition itself discloses the general nature of Mr. Lopez Zamora's *physical* medical issues, it does not detail his mental health, including his past trauma and future treatment plan. As such, given the personal, medical, and employment information contained in this narrative letter, the exhibit should be shielded from public view. *See* Rule 5(A)(i)

Next, with respect to the bond evidence which comprises proposed Exhibit C,[1] it contains the following information: letters of support from family and friends, including their home addresses and identifying documents, and discussions of Mr. Lopez Zamora's family and employment; an earlier psychosocial evaluation from Ms. Guzman; the complete criminal history documents from cases that ended in dismissal, an adjournment in contemplation of dismissal, or a disorderly conduct violation; a declaration from Mr. Lopez Zamora regarding the circumstances of those same cases as well as his future life goals; and the complete medical records of Mr. Lopez Zamora's injury treatment.

As for the letters from family and friends, while redaction of home addresses is only required for criminal cases, Fed. R. Crim. Pro. 49.1(a), home addresses as well as copies of identity documents are still sensitive personal information subject to protection by this Court, as would be the familial and employment related information contained in those letters. In regards to the prior psychosocial evaluation of Ms. Guzman that is part of Exhibit C, it contains similar information as to what was discussed above as to Exhibit B, and for the same reasons, this document too should be shielded from public view. As for the criminal history documents, these documents are from cases that are themselves sealed or soon to be sealed because they were dismissed, are set to be dismissed, or ended in disorderly conduct violations. *See* C.P.L. § 160.50 (on sealing of cases ending in dismissal or an adjournment in contemplation of dismissal); C.P.L. § 160.55 (on sealing of violations).[2] As such, for comity reasons, these documents should not be subject to further disclosure by allowing the public to access these documents through this proceeding. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (noting that state criminal proceedings implicated

[1] As noted in the Petition, Mr. Lopez Zamora's asylum application, form i-589, was submitted to the IJ for bond purposes, but it will not be included in Exhibit C, to protect Mr. Lopez Zamora's privacy.

[2] *See https://www.nycourts.gov/courthelp/criminal/sealedViolationsInfractions.shtml* for more information on commonly sealed violations in NY State, listing CPL § 240.20, disorderly conduct, as one.

"respect to co-equal sovereigns"). Mr. Lopez Zamora's declaration contains personal information about his young son, as well as information about the same sealed cases. Thus, these same bases explain why Mr. Lopez Zamora's declaration should be shielded from public access. Finally, proposed Exhibit C contains complete medical records detailing Mr. Lopez Zamora's treatment following his injury in 2023, as well as documents from his related worker's compensation claim. As stated above, this Court recognizes "medical records" as well as "treatment and diagnosis" as categories of information that should be considered for redaction. ECF Rules & Instructions 21.4. Though the habeas petition itself discloses some of Mr. Lopez Zamora's medical diagnoses as they relate to his injuries, and there is an unsealed review of these records provided by Dr. Sugarman and filed in Exhibit D, the depth provided in the medical records goes much beyond what is in those documents.

In sum, the entirety of Exhibit C should be sealed. Indeed, the information contained in the evidence submitted for bond purposes fits squarely within the type of records that should be protected from public view. *See* ECF Rules & Instructions 21.4; *United States v. Martoma*, No. S1-12-CR-973 (PGG), 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (acknowledging that courts "grant the greatest protection" to medical, health-related, family, and personal financial information); *supra* Individual Rule 5(A)(i).

Mr. Lopez Zamora also seeks the sealing of two detailed memorandum opinions from the IJ that both contain highly personal and sensitive information. The IJ's bond memorandum, submitted as proposed Exhibit F, references much of the information that was provided by Mr. Lopez in proposed Exhibit C, and should be shielded from public view for the same reasons. Exhibit H is the lengthy Oral Decision from the IJ on the merits of Mr. Lopez Zamora's fear-based claims. Exhibit H explains in detail Mr. Lopez Zamora's past trauma, past torture, and his cooperation with law enforcement as relate to his asylum and related claims. Not only could the public disclosure of this decision result in increased danger to Mr. Lopez Zamora should he be removed to Ecuador, immigration regulations also support the view that information related to asylum claims should be protected from public disclosure. *See* 8 CFR § 208.6; *see also Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *2-3 (N.D. Cal. Nov. 6, 2018); *supra* Individual Rules 5(A)(i) (listing cooperation with the government).

Although the presumption of public access to information is strong, the highly sensitive and personal nature of the information, as well as the potential danger it could cause to Mr. Lopez Zamora should the information be made public, outweighs that presumption in this case. Petitioner respectfully requests that the Court grant leave to file the aforementioned exhibits under seal.

Thank you for your consideration of this submission.

Respectfully submitted,

<u>/s/ Aurora Maoz</u>
Aurora Maoz
THE BRONX DEFENDERS
360 East 161st Street
Bronx, New York, 10451

Application granted in part. Exhibits B (the "Declaration by Ashley Guzman, LMSW") and C (medical records that comprise the "Bond Evidence") shall remain under seal. As to Exhibits F (the IJ or "Bond Memo") and H (the "IJ's Decision"), no later than one week from today, Petitioner shall propose tailored redactions consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

SO ORDERED.

Hon. Ronnie Abrams
July 17, 2026