UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDY LOPEZ ZAMORA,

                    Petitioner,

            v.

JUDITH ALMODOVAR, in her official capacity as Secretary, U.S. Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General, U.S. Department of Justice; and PAUL ARTETA, in his official capacity as Sheriff and Warden of ICE Facility at Orange County Jail,

                    Respondents.

25-CV-8643 (RA)

<u>MEMORANDUM
OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

Jordy Lopez Zamora ("Petitioner"), a noncitizen originally from Ecuador who is currently in the custody of Immigration and Customs Enforcement ("ICE"), petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 1 ("Petition" or "Pet."). Over a year ago, an immigration judge ("IJ") denied bond on the ground that Petitioner had failed to carry his burden of showing he did not pose a danger to the community. *See* Dkt. No. 11 ("ICE Decl.") ¶¶ 8, 21. Petitioner now argues that his due process rights have been violated because he has been detained since February 13, 2025, without a bond hearing at which the Government bears the burden of proof by clear and convincing evidence. He seeks a new, burden-shifted bond hearing, one at which prior criminal allegations against him that were dismissed on speedy trial grounds not be given "undue weight." The Government opposes. For the following reasons, the Court grants the Petition insofar as it seeks a bond hearing at which the Government bears the burden of proof, but does not prohibit the IJ from considering any underlying dismissed criminal charges in making that decision.

Although the parties dispute which statutory framework governs Petitioner's detention, the Court concludes that 8 U.S.C. § 1226(a) is operative, and that pursuant to that provision, detention is discretionary and requires a prompt bond hearing.[1] On April 29, 2025, Petitioner received a bond hearing at which he

---

[1] On April 21, 2026, this Court ordered the Government to state whether, given the duration of Petitioner's detention,

bore the burden of proof to show that he was not a danger to the community or a flight risk. The parties disagree on whether the Due Process Clause of the Fifth Amendment requires a new bond hearing at which the Government bears that burden. Petitioner argues that due process requires such a burden-shifted bond hearing. The Government counters that he is not even entitled to a hearing. As the Second Circuit held in *Velasco Lopez v. Decker*, due process requires a noncitizen subjected to prolonged detention under § 1226(a) to receive a bond hearing, at which the Government bears the burden of proof. 978 F.3d 842, 846 (2d Cir. 2020). Following the Circuit's decision, numerous courts in this District have ordered bond hearings, with the burden shifted to the Government, after comparable—and even shorter—periods of detention. *See Mathieu v. Dep't of Homeland Sec.*, 2026 WL 1747084, at *4 (S.D.N.Y. June 17, 2026) (collecting cases). This Court does so here as well.

In light of the fact that he has been detained for upwards of seventeen months, and given that he bore the burden of proof at his first bond hearing, Petitioner is correct that due process entitles him to a new bond hearing at which the Government bears the burden of showing, by clear and convincing evidence, that he is either a danger to the community or a flight risk. *See id.* At that hearing, the IJ must consider alternatives to imprisonment and Petitioner's ability to pay. *See O.F.C. v. Decker*, 2022 WL 4448728, at *10 (S.D.N.Y. Sept. 12, 2022) ("[C]ourts in this District overwhelmingly agree that [IJs] must consider . . . alternatives to imprisonment and ability to pay . . . when determining bond for a detained immigrant.")

---

it would consent to a second bond hearing. *See* Dkt. No. 18 ("Order"). In response, the Government argued that since Petitioner now has a final order of removal, his detention is no longer controlled by 8 U.S.C. § 1226(a), which governs the detention of noncitizens during the pendency of their removal proceedings, but by 8 U.S.C. § 1231(a), which governs detention when they have a final order of removal. *See* Dkt. No. 19 ("Gov. Letter") at 1. The Government acknowledges that if a noncitizen appeals his removal order and the circuit court grants a stay, § 1226(a) would still govern. Nonetheless, it maintains that is not the case here because, although Petitioner has appealed the final removal order and moved to stay his removal while that appeal is pending, the Second Circuit has not ruled on either. *Id.*; *Lopez Zamora v. Bondi*, No. 25-3093 (2d Cir.), Dkt. Nos. 1, 3. Courts in this District, however, including in *Bonilla v. Decker*, have consistently held that in situations like this, where a noncitizen has "filed a motion to stay his removal along with a petition for review to the United States Court of Appeals for the Second Circuit, and those motions are still pending, his removal is stayed pursuant to the Second Circuit's forbearance policy until that court decides his motion." 2024 WL 182315, at *5 (S.D.N.Y. Jan. 17, 2024). That forbearance policy has been described as "an insurmountable substantive impediment to removal" until the Second Circuit decides a petitioner's motion to stay. *Alexandre v. Decker*, 2019 WL 1407353, at *5 (S.D.N.Y. Mar. 28, 2019). "Thus, until the motion to stay is decided, the immigrant cannot be detained pursuant to § 1231." *Bonilla*, 2024 WL 182315, at *5. Accordingly, Petitioner remains detained pursuant to § 1226(a), rather than § 1231(a).

(collecting cases). The Court, however, rejects Petitioner's request that the IJ be directed not to give undue weight to the allegations underlying his dismissed criminal charges. IJs are permitted to assess "the totality of a detainee's prior criminal history, including arrests and unarraigned charges, in determining danger to the community." *Vargas v. Davies*, 2016 WL 3044850, at \*4 (S.D.N.Y. May 27, 2016); *see also* 8 C.F.R. § 1003.19(d) ("The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or [ICE].").

For the foregoing reasons, the Court grants the Petition, insofar as it seeks a burden-shifted bond hearing. Within two weeks of this decision, an IJ shall hold a bond hearing for Petitioner, at which the Government shall bear the burden of proving, by clear and convincing evidence, that he is a danger to the community or a risk of flight. In determining whether to grant bond, the IJ shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the IJ shall consider Petitioner's ability to pay.

Within 48 hours of the bond hearing, the Government shall file a letter on the docket of this case stating the outcome of the hearing. It shall also promptly order a transcript or recording of the hearing and file it on the docket.

SO ORDERED.

Dated:        July 17, 2026
              New York, New York

_____
Ronnie Abrams
United States District Judge

3